# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PHILLIP WARREN TUCKER, SR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV 19-025-JFH-SPS |
| ) | |
| **JOE ALLBAUGH, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Phillip Warren Tucker, Sr. ("Plaintiff") is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Jackie Brannon Correctional Center ("JBCC") in McAlester, Oklahoma. He brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during his incarceration at JBCC. The defendants are Joe Allbaugh, Former DOC Director, and the following JBCC officials: Warden Greg Breslin, Sgt. Christopher Williamson, Cpl. Michael Riley, Lt. Jesse Smith, Lt. Leta Stotts, and Lt. Brenda Williamson ("Defendants").

Plaintiff has filed a memorandum which the Court construed as a motion for assistance with access to the courts in this civil rights action (Dkt. No. 48). He alleges he will be unable to meet any deadlines set by the Court, because his facility is on a lockdown related to the COVID-19 pandemic. *Id*. at 1. He also claims he has been unable to go to the law library to research his case or check out relevant books. *Id*. at 1-2. This allegation, however, is inconsistent with his assertion that he is restricted to two hours per week in the law library. *Id*. at 2.

Plaintiff asks the Court to order the prison to allow prisoners to check out library books and to allow prisoners with ongoing cases to conduct research in the library as needed. He also requests permission to depose the special report investigator and for the Court to

appoint counsel to assist him in this lawsuit. *Id*. at 2-3. Defendants have filed a response to the motion (Dkt. No. 50), and Plaintiff has filed a reply (Dkt. No. 51).

**Law Library Access**

Defendants allege Plaintiff has failed to exhaust the administrative remedies for his claim concerning access to the courts. Pursuant to 42 U.S.C. §1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff asserts Defendants have waived or forfeited the exhaustion requirement by their harassment of him.

While additional claims should be presented in a new civil rights action, the Court nonetheless finds Plaintiff's allegations regarding his access to the courts are meritless. "[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978). In determining whether the access afforded an inmate is reasonable, the test to be applied is whether the access is "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S.817, 822 (1977).

Despite the restrictions placed on library access because of the pandemic, the Court finds Plaintiff's access is reasonable. Further, he may file a motion with the Court requesting

2

a reasonable extension of time for any deadlines he is unable to meet under the facility's restrictions. Therefore, his request for increased access to the law library and to check out books from the law library (Dkt. No. 48) is DENIED.

**Deposition of Special Report Investigator**

Plaintiff requests permission to depose the investigator who prepared the special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. Nos. 45, 46), because the investigation was "one-sided" (Dkt. No. 48 at 2-3). He claims he can prove the investigator never visited him to inspect his living conditions. Defendants assert the Court has not entered an order permitting such discovery, Plaintiff has had ample time to conduct and request discovery in this matter, and the request should be denied until disposition of Defendants' pending motion to dismiss or for summary judgment (Dkt. No. 50 at 2-3).

A review of the amended special report (Dkt. Nos. 45, 46) shows it was prepared in accordance with the Order Staying Proceedings and Requiring Special Report (Dkt. No. 24). The investigator was not required to visit or inspect Plaintiff's living conditions. *Id.* Instead, the special report correctly relied on documents related to Plaintiff's claims and affidavits by DOC officials. Therefore, Plaintiff's request to depose the investigator (Dkt. No. 48) is DENIED.

**Requests for Appointment of Counsel**

On July 2, 2019, the Court denied Plaintiff's motion for appointment of counsel (Dkt. No. 33). Plaintiff's present motion for assistance with access to the courts (Dkt. No. 48 at 3) again requests appointment of counsel, as does his separate motion for appointment of counsel (Dkt. No. 58). He alleges he lacks formal education and suffers from undiagnosed mental illness. As the Court explained in its earlier order denying appointment of counsel, Plaintiff bears the burden of convincing the Court that his claim has sufficient merit to

warrant such relief (Dkt. No. 33) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "It is not enough 'that having counsel appointed [would assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments. Thus, his requests for appointment of counsel (Dkt. Nos. 48, 58) are DENIED.

**Letter Regarding Alleged Mishandled Mail**

On February 24, 2020, Plaintiff submitted a letter to the Court, complaining that DOC personnel are mishandling his mail (Dkt. No. 38). He claims his amended complaint was mailed on January 13, 2020, but was not received by this Court. He also questions whether his letter dated September 10, 2019, and letter asking to amend the complaint, mailed on January 13, 2020, were received by the Court. He asks that the Court order the DOC to handle his mail properly and that an independent agency investigate to determine who has been mishandling his mail.

A review of the docket sheet for this case indicates Plaintiff's letter, which was construed as a motion to amend complaint, was filed on January 15, 2020 (Dkt. No. 37), and his amended complaint was filed on March 11, 2020 (Dkt. No. 41). There is, however, no record of a letter from Plaintiff dated on or around September 10, 2019. The Court Clerk is directed to send Plaintiff a copy of the docket sheet for this case.

"[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials." *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) (citations omitted). Therefore, Plaintiff's request for an investigation of the alleged mishandling of his mail (Dkt. No. 38) is DENIED. To the extent Plaintiff is complaining about the handling of his mail and asking the Court to order the DOC to handle his mail properly, he must present new claims in a new civil rights complaint pursuant to 42 U.S.C. § 1983.

**Letter Regarding Plaintiff's Memorandum and Extension of Time**

On June 1, 2020, Plaintiff submitted a letter (Dkt. No. 49) concerning a memorandum he mailed on May 12, 2020, and a request for extension of time to respond to Defendants' motion to dismiss or for summary judgment (Dkt. No. 47). The docket sheet for this case indicates that on May 18, 2020, the Court filed a letter dated May 12, 2020 (Dkt. No. 48), which is addressed above. As for his request for an extension of time, the record shows that Plaintiff filed a response to Defendants' motion on June 19, 2020 (Dkt. No. 52). Therefore, Plaintiff's request for extension of time to respond to Defendants' motion to dismiss or for summary judgment (Dkt. No. 49) is DENIED AS MOOT.

**Letter Regarding Alleged Forged Signature**

On June 25, 2020, Plaintiff submitted another letter complaining that someone forged an Inmate Request to cause him harm (Dkt. No. 53). The Inmate Request, dated June 15,

2020, implies that Plaintiff is a homosexual and requests condoms so he can commence a sexual relationship with another inmate. *Id*. at 4. Based on the handwriting, spelling, and wording of the request, Plaintiff believes a prison staff member forged the document in an attempt to endanger him. According to Plaintiff, prisoners can be attacked or transferred for having homosexual relationships. Plaintiff asks the Court to appoint a special prosecutor to investigate this matter before he suffers irreparable harm.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (citation omitted); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir.1982) (same). *See also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (holding that an individual "does not have a "federal due process right to a police investigation") (citing *DeShaney v. Winnebago Cty. of Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989)). Therefore, even if this new claim were properly presented in a new civil rights action, the Court could not grant the requested relief. Plaintiff's request for the appointment of a special prosecutor (Dkt. 53) is DENIED.

**Format of Plaintiff's Filings**

Finally, Plaintiff has submitted letters or memoranda making requests from the Court, after the Court advised him that each request for relief must be in the form of a separate motion pursuant to Local Civil Rule 7.1(b) (Dkt. No. 57). Again, Plaintiff is directed to present his future requests in the form of a proper motion pursuant to the Federal Rules of Civil Procedure and this Court's Local Civil Rules, not a letter or memorandum. Further, Plaintiff must use only one side of the paper, pursuant to Local Civil Rule 5.2(a).

**THEREFORE,**

1. Plaintiff's request for increased access to the law library and to check out books

from the law library (Dkt. No. 48) is DENIED.

2. Plaintiff's request to depose the special report investigator (Dkt. No. 48) is DENIED.

3. Plaintiff's requests for appointment of counsel (Dkt. Nos. 48, 58) are DENIED.

4. Plaintiff's request for an investigation of the alleged mishandling of his mail (Dkt. No. 38) is DENIED. To the extent Plaintiff is complaining about the handling of his mail and asking the Court to order the DOC to handle his mail properly, he must present new claims in a new civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is advised that his motion to amend complaint (Dkt. No. 37) and his amended complaint (Dkt. No. 41) were received and filed by the Court. There is, however, no record of a letter from Plaintiff dated on or around September 10, 2019.

5. Plaintiff is advised that his May 12, 2020, letter was filed on May 18, 2020 (Dkt. No. 48). His letter requesting an extension of time to respond to Defendants' motion to dismiss or for summary judgment was filed on June 1, 2020 (Dkt. No. 49), and Plaintiff filed a response to Defendants' motion on June 19, 2020 (Dkt. No. 52).

6. Plaintiff's request regarding his memorandum and for extension of time (Dkt. No. 49) is DENIED AS MOOT.

7. Plaintiff's request for the appointment of a special prosecutor to investigate the alleged forged Inmate Request (Dkt. No. 53) is DENIED.

8. Any future request for relief must be in the form of a proper motion--not a letter or memorandum--pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 7.1(b).

9. Plaintiff shall write on only one side of the page of any submitted documents, pursuant to Local Civil Rule 5.2(a).

10. The Court Clerk is directed to send Plaintiff a copy of the docket sheet for this case.

**IT IS SO ORDERED** this  21st  day of August 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE